In re Nathaniel J. STEINHART, Debtor.

Bertram M. TONKIN et al., Plaintiff,

v.

Nathaniel J. STEINHART, Defendant.

Bankruptcy No. 80–00899–BKC–SMW.
Adv. No. 80–0304–BKC–SMW–A.

United States Bankruptcy Court,
S. D. Florida.

Dec. 8, 1980.

Herbert Freehling, Ft. Lauderdale, Fla., trustee.

Raymond B. Ray, Ft. Lauderdale, Fla., for defendant.

A. Jay Cristol, Miami, Fla., for plaintiff.

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on to be heard upon Plaintiff's Complaint for Relief from Automatic Stay Order, and the Court having heard the testimony and examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law.

Plaintiffs, Bertram M. Tonkin, Mary Anne Tonkin, Dean A. Forseth, and D–Squared Development # 1, Inc., are Plaintiffs in an action filed before this Court whereby they seek to have certain debts allegedly owed to them by the Defendant, Debtor, declared as non-dischargeable pursuant to Title 11, United States Code § 523(a) and (c). That matter was originally scheduled for trial on November 19, 1980, but was continued at the request of the Plaintiffs.

The Plaintiffs seek in the proceedings herein to have the automatic stay modified pursuant to Title 11, United States Code, Sections 362(d) and (e) to allow the Plaintiffs to proceed against the Defendant in certain actions pending in California Superior Court, Marin County, California.

The Defendant, NATHANIEL STEINHART, is one of many Defendants in the actions pending in California Superior Court.

The subject matter of the California Superior Court actions are similar in some respects to the subject matter of the objection to discharge presently pending before this Court. However, the elements of proof required under Title 11, United States Code, Section 523(a) and (c) are somewhat different than the elements of proof in the California Case.

The Defendant, NATHANIEL STEINHART, does not have sufficient monies to pay his California attorneys to defend the Superior Court action, nor does the Defendant have funds to travel to California to assist in the preparation and defense of the trial.

The Plaintiffs have the right to subpoena the Defendant and require his presence and testimony at trial in order that they may proceed against the remaining Defendants in the California Case.

The Plaintiffs have indicated that there are serious settlement negotiations between the Plaintiffs and the remaining Defendants in the California law suit and that the matter may be settled prior to trial. If the matter is settled in California the proceedings before this Court on the Objection to Dischargeability of Plaintiffs obligations will become moot.

The Court finds that it has jurisdiction over the parties and the subject matter of the litigation herein. Defendant STEINHART filed his Voluntary Petition in Bankruptcy on July, 1980 and is entitled to a speedy determination of the dischargeability of Plaintiff's debt. Notwithstanding the outcome of the proposed litigation in California, this Court must conduct the trial and decide the issue of the dischargeability of the Plaintiff's debt. If this Court were to allow the Plaintiffs to proceed in the California Courts, the Defendant could be required to defend the same lawsuit twice.

Accordingly, the Plaintiff's request for Modification of Stay shall be denied and this Court shall schedule Plaintiff's Objection to Discharge at the earliest possible trial date.